STROMBERG-CARLSON TELEPHONE MANUFACTURING COMPANY, a corporation of the State of New York, *vs*. SAMUEL C. DERRICKSON.

1. SALES—PAYMENT—PERSONS TO WHOM PAYMENT MAY BE MADE.

A purchaser of goods cannot discharge his liability for the purchase price, except by payment to the seller, or to some person authorized by the seller to receive payment.

2. PRINCIPAL AND AGENT—PAYMENT—PERSONS TO WHOM PAYMENT MAY BE MADE.

Where a purchaser of goods makes payment therefor to a person other than the seller, or his authorized agent, he makes such person his own agent, and does not thereby discharge his liability to the seller.

(*April* 23, 1912.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.
*William M. Hope* for plaintiff.
*George M. Jones* for defendant.
Superior Court, Kent County, April Term, 1912.

ACTION OF ASSUMPSIT (No. 14, July Term, 1911), to recover for certain material sold to Samuel C. Derrickson, the defendant, to be used in the construction and operation of a private telephone line. The goods were furnished as per the following order:

Copy.

Form 456.

Customer's Order No. 1.                                    Nov. 17, 1910.
Our Order No. 2.

Stromberg-Carlson Telephone Mfg. Co.
Chicago, Ill.   Rochester, N. Y.   Kansas City, Mo.

Bill to S. C. Derrickson.              Terms: Thirty days.
                                       [Read Terms printed on inside front cover]
Ship to S. C. Derrickson,              At Smyrna, Del.
How Ship: Penna. R. R. Freight.        When: At once.
IMPORTANT! If all goods ordered are not in stock, shall we hold order until
          we can ship complete, or make partial shipment at once?
Make complete shipment.   N. Y. C.—Nor Central.

| Quantity. | Code Number. | Articles. Describe fully use to be made of each article. | Price. | Amount. |
|---|---|---|---|---|

[The several items ordered were entered here.]

Salesman, J. A. Stewart.              Signature: S. C. Derrickson,
                                       R. F. D. Smyrna, Del.

The defendant admitted that he had given the above order to J. A. Stewart, a salesman of the plaintiff company, with knowledge that in doing so, he, the defendant, represented himself and several other neighboring farmers who wished to establish a farm line of telephone, and it was claimed by the defendant that Stewart was to install the telephone line; that when the goods arrived, Stewart told the defendant that he would have to have the money for the order before he could get the goods from the railroad com-

pany, and he was accordingly paid the amount of the order by the defendant and his neighbors, each paying his proportionate share thereof; that after the line had been erected, Stewart left, and subsequently the plaintiff company sent a bill for the amount of the order, which is the basis of this action, the defendant having refused to pay it for the reason that the same had been paid to their salesman.

This testimony of the defendant was corroborated by others interested with him in the local telephone line. The plaintiff introduced evidence to show that Stewart was not authorized to collect their bills, and that they had never received the amount of money which the defendant and his associates had paid to him, and requested the court to instruct the jury as follows:

1. That the defendant could not discharge his liability to the plaintiff for the amount proved by the plaintiff and not denied by the defendant in this case except by payment thereof to the plaintiff or to some duly authorized agent of the plaintiff.

2. That the payment by the defendant or his agents to any person not having authority from the plaintiff to receive payment in behalf of the plaintiff constituted the selecting of such person as the agent of the defendant and the defendant's liability would not be discharged thereby.

RICE, J., charging the jury:

Gentlemen of the jury:—This is a case brought by Stromberg-Carlson Telephone Manufacturing Company, against Samuel C. Derrickson, and is for the price of certain goods delivered by Stromberg-Carlson Telephone Company to Samuel C. Derrickson, the defendant in the action, according to the terms of an order directed to the plaintiff company and signed by S. C. Derrickson, the defendant in this case. The plaintiff claims that according to the terms of the order, which was forwarded to it and received by it, the company shipped to the defendant, in the name of S. C. Derrickson, the goods ordered, according to the terms of the order. And the amount of its claim is one hundred and ninety-seven dollars, with interest from the seventh day of January, 1911.

The defendant does not deny the amount claimed by the plaintiff company, nor does he deny the receipt of the goods, which were shipped and which were delivered to the defendant and received by him; but he claims that this bill has been paid in full, and therefore he does not, at this time, owe the plaintiff in this suit anything at all on this bill, as per the terms of the order.

Our charge to you on the law will be very brief.

[1, 2] We will say that the defendant could not discharge his liability to the plaintiff for the amount proved by the plaintiff and not denied by the defendant in this case, except by payment thereof to the plaintiff, or to some person authorized by the plaintiff to receive the same; that any payment by the defendant to any person other than the plaintiff or its authorized agent constituted such other person the agent of the defendant, and payment to such other person would not thereby discharge the defendant's liability.

If you find for the plaintiff, your verdict should be for one hundred and ninety-seven dollars, with interest from January 7, 1911, being the agreed price of the goods ordered by the defendant, and shipped by the plaintiff in this action. If you find for the defendant your verdict should be in favor of the defendant.

Verdict for plaintiff.